DENTONS US LLP
John R. Vales (JV4307)
john.vales@dentons.com
Kelly L. Lankford (KL9203)
Kelly.lankford@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129
          -and-
CARLTON FIELDS JORDEN BURT, P.A.
Frank G. Burt (*pro hac vice* application to be filed)
fburt@carltonfields.com
Brian P. Perryman (*pro hac vice* application to be filed)
bperryman@carltonfields.com
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
(202) 965-8100
*Attorneys for Defendant*
*Federal Warranty Service Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSE M. WOTURSKI, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL WARRANTY SERVICE CORPORATION, <br><br> Defendant. | Civil Action No. _____ <br><br> **NOTICE OF REMOVAL** <br><br> Document Electronically Filed <br><br> Removed from the Superior Court of New Jersey, Law Division, Cape May County |

TO:    Mitchell H. Cohen Building & U.S. Courthouse
       4th & Cooper Streets
       Camden, NJ 08101

With Notice To:

       Clerk of the Court
       Superior Court of New Jersey,  Law Division, Cape May County
       9 North Main Street
       Cape May Court House, NJ 08210

       Lewis G. Adler, Esq.
       26 Newton Avenue
       Woodbury, NJ 08096
         -and-
       Paul DePetris
       Law Office of Paul DePetris
       532 Route 70 West, 2nd Floor
       Cherry Hill, NJ 08002
       *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE THAT**, on June 14, 2017, based on the

following allegations, defendant Federal Warranty Service Corporation ("Federal

Warranty") did and hereby does remove civil action filed against it in the Superior

Court of New Jersey, Cape May County, Docket No. CAM-L-199-17, in which the

action was pending, to the United States District Court for the District of New

Jersey, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, with full reservation

of any and all defenses and objections.  Defendant Federal Warranty will promptly

file a Notice of this Removal with the Clerk of the Superior Court and serve the

Notice on all parties.  In support of the removal, Federal Warranty respectfully

states as follows:

1

## GROUNDS FOR REMOVAL

1.    Without conceding that there is any merit to the Complaint's claims or allegations, or that Federal Warranty is liable to Ms. Woturski or any other person, the Court has original jurisdiction of this action because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a putative class action in which all members of the putative class of plaintiffs, including Ms. Woturski, are citizens of a state different from Federal Warranty, the sole named defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

## TIMELINESS OF REMOVAL

2.    Plaintiff Rose M. Woturski commenced the action by filing her Complaint on May 12, 2017 in the Superior Court.  The action is styled *Rose M. Woturski v. Federal Warranty Service Corporation*, and was assigned Docket No. CPM-L-199-17.

3.    On June 9, 2017, Federal Warranty, the sole named defendant, was served with the Summons and Complaint.  Thirty days have not yet elapsed from service of process.  Removal is therefore timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through

2

service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

4.      To Defendant's knowledge, no additional process, pleading or order has been filed to date in this action outside of the Complaint, Summons, and Case Information Statement, true and correct copies of which are attached as **Exhibit A**.

5.      As of the date of the filing of this Notice of Removal, no proceedings have occurred in the Superior Court.

## DIVERSITY OF CITIZENSHIP

6.      Complete diversity of citizenship exists among the parties.

7.      Ms. Woturski alleges in her Complaint that she is a resident of the state of New Jersey.  (Compl. ¶ 6.)  Ms. Woturski is a citizen of New Jersey.  *See* 28 U.S.C. § 1391(c)(1).

8.      Ms. Woturski seeks to represent a putative class of New Jersey citizens.  Compl. ¶ 86.  The putative class is greater than 100 persons for purposes of 28 U.S.C. § 1332(d)(5)(B).  (*See id.* ¶ 91.)

9.      Federal Warranty is a corporation incorporated in the state of Illinois with its principal place of business in the state of Georgia.  (*See id.* ¶ 7.)  Federal Warranty is a citizen of Illinois and Georgia.  *See* 28 U.S.C. § 1391(d).

103962352\V-1

## MATTER IN CONTROVERSY

10.     As noted above, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

11.     The Complaint alleges that a service contract Federal Warranty issued to Ms. Woturski violated the New Jersey Truth in Consumer Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. §§ 56:12-14 to -18.   The TCCWNA states:

> [a]ny person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs.  This may be recoverable by the consumer in a civil action in a court of competent jurisdiction or as part of a counterclaim by the consumer against the seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid, who aggrieved him.

N.J.S.A. § 56:12-17.

12.     Section 15 of the TCCWNA, N.J.S.A. § 56:12-15, prohibits a "seller" from offering or entering into a written consumer contract which includes a provision that violates any "clearly established legal right" of a consumer or responsibility of a seller, as established by state or federal law.

13.     Section 16, N.J.S.A. § 56:12-16, in turn prohibits a consumer contract from stating that any of its provisions is or may be void, unenforceable, or

inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable, or inapplicable within New Jersey.

14.    The Complaint alleges that Federal Warranty violated the TCCWNA in at least three distinct ways.  Specifically, the Complaint alleges that Federal Warranty issued to Ms. Woturski a service contract covering home appliances that Ms. Woturski purchased from a nonparty retailer.  She contends that two distinct contract provisions governing: (i) cancellation by the contract holder (her) and (ii) cancellation by the provider (Federal Warranty), deviate from, and separately violate, the New Jersey Service Contract Act, N.J.S.A. §§ 56:12-87 to -96. According to Ms. Woturski, each of the two Service Contract Act violations separately violate the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1 to -20, and thus each separately violate a "clearly established legal right" for purposes of TCCWNA § 15.  Ms. Woturski also contends that the service contract violates TCCWNA § 16 because another provision limits Federal Warranty's liability in certain ways "[t]o the extent permitted by applicable law," without specifying or discoursing on the "applicable law" in question.

15.    For each of the three types of alleged TCCWNA violations, Ms. Woturski seeks a $100 civil penalty for herself and for a putative class of New Jersey citizens who "received service contracts issued by defendants [sic] with the same language that defendants [sic] issued to plaintiffs for a period of six (6) years

prior to the filing of the complaint." (Compl. ¶ 86.) The Complaint alleges that Ms. Woturski's claims "are typical of the claims of the class insofar as named class representatives and the members of the class were similarly exposed to the statutory harms alleged herein and were similarly injured and/or face similar risks therefrom." (*Id.* ¶ 96.)[*]

16.    Federal Warranty rejects the view that civil penalties should be awarded on a "per violation" basis because the TCCWNA allows such penalties only on a "per person" basis. *See* N.J.S.A. § 56:12-17. However, the Complaint's *ad damnum* clause makes clear that Ms. Woturski is seeking "a statory [sic] award of $100 damages for each TCCWNA violation," so the controverted amount must be calculated on that (disputed) basis.

17.    The Complaint alleges that the putative class "is believed to number thousands of persons." (Compl. ¶ 91). Indeed, according to its business records,

---

[*] The Complaint's full class definition includes "all New Jersey citizens who purchased vehicles and received service contracts issued by defendants [sic] with the same language that defendants [sic] issued to plaintiffs for a period of six (6) years prior to the filing of the complaint." (Compl. ¶ 86.) The reference to persons "who purchased vehicles" appears to be a drafter's error because the Complaint alleges that Ms. Woturski purchased home appliances, not a vehicle, covered by a Federal Warranty service contract. Consequently, this is either a drafter's error or Ms. Woturski is purporting to represent a putative class of which she is herself not a member. Because the Complaint further alleges that Ms. Woturski's claims are "typical" of those of the putative class members, (*id.* ¶ 96), the former understanding of the Complaint is more probable than the latter.

Federal Warranty issued to New Jersey citizens at least 13,000 service contracts that fit the parameters of the Complaint's class definition.

18.    Without conceding that there is any merit to the Complaint's claims or allegations, or that Federal Warranty is liable to Ms. Woturski or any other person, the amount of civil penalties minimally in controversy may be calculated as follows: 13,000 (service contracts) x 3 (violation types) x $100 (penalty per violation) = $3,900,000.

19.    That is not the end of the matter.   In addition to TCCWNA civil penalties, the Complaint's *ad damnum* clause seeks attorneys' fees.    The TCCWNA permits the recovery of attorneys' fees.  N.J.S.A. § 56:12-17.  Such fees also should be included in determining the matter in controversy.  *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

20.    Of course, at this stage of the litigation, it is impossible to determine with precision the amount of attorneys' fees that plaintiff could recover.   "To resolve this difficulty, courts within this district have adopted a 'reasonableness approach,' which utilizes the median attorneys' fee award of 30% when determining the amount in controversy." *Kendall v. CubeSmart L.P.*, Civ. A. No. 15-6098, 2015 WL 7306679, at *5 (D.N.J. Nov. 19, 2015).   Therefore, for purposes of the analysis, the Court should apply a potential attorneys' fee award of 30% of the potential judgment of $3,900,000, *i.e.*, an attorneys' fee award of

7

$1,170,000, raising the total matter in controversy to $5,070,000, exclusive of interest and costs.

21.    Admissible evidence of the foregoing computations is unnecessary at this time.  As specified in 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  Neither Ms. Woturski nor the Court have questioned Federal Warranty's contention regarding the matter in controversy.

22.    The Complaint contains a factually unsupported allegation that "the sums sought by the class members and the matter in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs."  (Compl. ¶ 111.) This allegation has no bearing whatsoever on the propriety of removal under 28 U.S.C. § 1332(d).  As the Supreme Court has held, "a class-action plaintiff who stipulates, prior to certification of the class, that he, and the class he seeks to represent, will not seek damages that exceed $5 million in total" does not remove the case from § 1332(d)'s scope. *See Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1347 (2013).  A plaintiff "who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349.

8

23.     Moreover, "a pre-removal stipulation by a named plaintiff of the amount in controversy does not automatically 'contest' the defendant's amount in controversy allegation." *Grace v. T.G.I. Fridays, Inc.*, Civ. A. No. 14-7233, 2015 WL 4523639, at *6 (D.N.J. July 27, 2015).

## ALLOCATION OF THIS ACTION

24.     Pursuant to Local Civil Rule 40.1(a) this case may be properly allocated to the Camden vicinage because the defendant resides in Camden.

25.     Further, the Superior Court is located within this judicial district.  28 U.S.C. § 110.  Venue is therefore proper under 28 U.S.C. § 1441(a).

## CONCLUSION

26.     Federal Warranty reserves the right to file additional support for this Notice of Removal by way of declarations, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and/or legal argument.

27.     Federal Warranty reserves all defenses it may have, including that the Court lacks subject-matter jurisdiction, that the Complaint fails to state a claim upon which relief can be granted, and that Ms. Woturski's claims are subject to a mandatory arbitration provision.

28.     Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Ms. Woturski through her counsel of record and a

103962352\V-1

copy of this Notice of Removal will be filed with the Clerk of the Superior Court. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Federal Warranty hereby gives notice of the removal to this Court of the civil action pending in Superior Court under the caption *Rose M. Woturski v. Federal Warranty Service Corporation*, Docket No. CPM-L-199-17.


Dated: Short Hills, New Jersey
        June 14, 2017

                            Respectfully submitted,

                            DENTONS US LLP

                            By: */s/ John R. Vales*
                            John R. Vales (JV4307)
                            john.vales@dentons.com
                            101 JFK Parkway
                            Short Hills, New Jersey 07078
                            (973) 912-7129

                            CARLTON FIELDS JORDEN BURT, P.A.
                            Frank G. Burt*
                            fburt@carltonfields.com
                            Brian P. Perryman*
                            bperryman@carltonfields.com
                            1025 Thomas Jefferson Street, NW
                            Suite 400 West
                            Washington, DC 20007
                            (202) 965-8100

                            *Attorneys for Defendant*
                            *Federal Warranty Service Corporation*

                            *Application for *pro hac vice* admission to
                            be filed

10

103962352\V-1

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

John R. Vales, Esq. of full age, hereby certifies in accordance with Local Civil Rule 11.2 that the matter in controversy is not the subject of any other action pending in any other court of any pending arbitration or administrative proceeding insofar as, upon information and belief, there are no such other actions or proceedings involving the service contract at issue in this action.

I certify that the foregoing statements made by me are true. I further certify that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Short Hills, New Jersey
            June 14, 2017

DENTONS US LLP

By: *<u>/s/ John R. Vales</u>*
John R. Vales (JV4307)
john.vales@dentons.com
101 JFK Parkway
Short Hills, New Jersey 07078
(973) 912-7129
*Attorneys for Defendant Federal Warranty Service Corporation*

11

103962352\V-1